IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHENXI ZENG, <br><br> Plaintiff, <br><br> v. <br><br> SCHEDULE A DEFENDANTS, <br><br><br> Defendants. | Civil Case No.: 2:26-cv-00142-WSS |

**PLAINTIFF'S MOTION TO CONTINUE PRELIMINARY INJUNCTION HEARING AND TO EXTEND THE TEMPORARY RESTRAINING ORDER**

This is a design patent infringement case in which the patent owner sues counterfeit sellers on Amazon.com.

Noting that the accused products have identical designs to Plaintiff's patented design, on January 28, 2026, this Court granted a TRO against Defendants and set a hearing on why a preliminary injunction should not issue on February 11, 2026. (Dkt. 18.) The TRO, as currently set, will also expire on February 11, 2026. (Dkt. 18.)

Rule 65(b)(2) allows extending a temporary restraining order entered without notice on good cause.  Here, good cause exists for a brief extension of the TRO and the preliminary injunction hearing to March 4, 2026 or any other day convenient to the Court.

First, Plaintiff has diligently pursued this case, having served the process on ten of the thirteen defendants, and paid the requested bond by mail[1], even though Amazon have yet to provide Defendants' contact information as of the date of filing of this motion.

Second, Plaintiff and eight of the thirteen defendants expect to settle in a week or so. Plaintiff have already reached a settlement with four of the defendants.

Third, most of the settling defendants conceded infringement and state that they would agree to a consent judgement or the like barring them from future sales of the infringing product.

Fourth, no meaningful prejudice to Defendants exists. Nine of the thirteen defendants are settling, and most have conceded infringement. The asset frozen is modest, nine of the thirteen defendants have less than $7,500 frozen.

Fifth, the original danger of moving assets outside the jurisdiction of this Court still exists. Good cause under Rule 65(b)(2) is shown where "the grounds for originally granting the temporary restraining order continue to exist." 11A Wright & Miller, Fed. Pract. & Proc. § 2953 (3d ed.).  Here, absent some restraint, Defendants may still choose to shut down their current ecommerce stores, withdraw the funds generated from their infringing activities, and transfer those funds to foreign accounts, making recovery virtually impossible.

---

[1] Though the clerk's office may be still processing Plaintiff's bond paperwork.

In sum, Plaintiff respectfully requests the Court to extend the TRO and continue the preliminary injunction hearing by third weeks to March 4, 2026, or any other day convenient to the Court. The undersigned counsel continues to appreciate the opportunity to discuss this case with the Court in person as long as the Court's schedule allows.

A Proposed Order is concurrently filed.

Date: February 9, 2026                    Respectfully submitted,

<div style="margin-left: 3em;">

/s/ Zheng "Andy" Liu
Zheng "Andy" Liu (CA- 279327)
*Aptum Law*
1660 S Amphlett Blvd Suite 315
San Mateo, CA 94402
Email: Andy.Liu@AptumLaw.us
Phone: 650-475-6289

*ATTORNEY FOR PLAINTIFF*

</div>