IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHENXI ZENG, | Civil Case No. 2:26-cv-00142-WSS |
| Plaintiff, | Judge William S. Stickman |
| v. | |
| SCHEDULE A DEFENDANTS, | |
| Defendants. | |
| _____/ | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, ASSET RESTRAINT, EXPEDITED DISCOVERY, AND ORDER TO SHOW CAUSE**

Moving Defendants identified on Schedule A (Brandon Super Sports (634418216237544), Brandon Super Family (634418216236822), Molotar Shop (634418216108433), and HaoMart (634418222207425), collectively "Moving Defendants" or "Defendants"), by and through undersigned counsel, oppose Plaintiff's *ex parte* Motion [DE 7] for a Temporary Restraining Order ("TRO"), preliminary injunction, asset restraint, expedited discovery, and order to show cause. The Motion should be denied because Plaintiff has not demonstrated a likelihood of success on the merits of its design patent infringement claim under U.S. Patent No. USD1,078,210 S1 ("the '210 Patent"). Key grounds include: (1) prior public use/sale by Defendants establishes priority and anticipates/invalidates the '210 Patent; (2) the accused designs differ substantially from the patented design under the ordinary observer test; and (3) the claimed design is primarily functional and thus ineligible for design patent protection or entitled to no scope.

## I. FACTUAL BACKGROUND

Plaintiff's '210 Patent, titled "Cart," issued on June 3, 2025, from an application filed December 13, 2024. The patent claims the ornamental design for a foldable/collapsible wagon cart, as shown in its 10 figures (various perspective, elevation, and plan views).

Moving Defendants sell collapsible utility wagons on Temu under the shops listed above. The relevant product was first publicly disclosed and offered for sale by Defendants (via Hangzhouzikedianzishangwu Co., Ltd.) on August 22, 2024—nearly four months before Plaintiff's filing date—via the Temu listing at https://www.temu.com/goods.html?goods_id=601099645912472 (now delisted but evidenced in USPTO proceedings). Order records from September 28, 2024, further confirm sales activity. See Exhibit A, Order Record.

Defendants are the inventors/assignees of their own design patent, U.S. Patent No. USD1,104,396 S ("the '396 Patent"), issued December 2, 2025, from an application filed February 10, 2025. During prosecution of the '396 Patent, Defendants submitted an affidavit with evidence (under 37 C.F.R. § 1.130(b)) and supporting materials establishing the August 22, 2024, public disclosure date, which the USPTO accepted to overcome obviousness rejections based on earlier third-party art. *See* Exhibit B, Affidavit of Inventor dated Jun. 8, 2025 and submitted to USPTO on Aug. 11, 2025. A copy of issued `396 Patent is attached here as Exhibit C.

## II. LEGAL STANDARD

A TRO or preliminary injunction requires Plaintiff to show: (1) likelihood of success on the merits; (2) irreparable harm absent relief; (3) balance of equities; and (4) public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Likelihood of success and irreparable harm are the first two most critical factors. *See Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). For design patent infringement, the test is whether an ordinary observer,

familiar with prior art, would be deceived into believing the accused design is substantially the same as the patented design. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008) (en banc).

"[I]f [defendants] raise a `substantial question' concerning validity, enforceability, or infringement (i.e. assert a defense that [plaintiff] cannot show `lacks substantial merit') the preliminary injunction should not issue." *Abbott Laboratories v. Sandoz*, 486 F. Supp. 2d 767, 769 (N.D. Ill. 2007), quoting *Abbott Laboratories v. Sandoz*, 486 F. Supp. 2d 767, 769 (N.D. Ill. 2007) (quoting *Genentech, Inc. v. Novo Nordisk, A/S*, 108 F.3d 1361, 1364 (Fed. Cir. 1997).

### III. PLAINTIFF HAS NO LIKELIHOOD OF SUCCESS ON THE MERITS

**A. Defendants' Prior Public Use/Sale on August 22, 2024, Anticipates the '210 Patent and Defeats Infringemen**t

Under 35 U.S.C. § 102(a)(1), a design is invalid if publicly used, sold, or offered for sale before the effective filing date. Defendants' product was publicly disclosed and offered for sale on Temu on August 22, 2024—prior to Plaintiff's December 13, 2024, filing date. This prior art anticipates the '210 Patent or renders it obvious.

The USPTO accepted this exact evidence during prosecution of Defendants' own '396 Patent to overcome rejections, confirming the priority date. Plaintiff's claim is thus barred by intervening prior art. No injunction can issue as Defendants raised substantial question concerning validity and infringement. *Abbott Laboratories v. Sandoz*, 486 F. Supp. 2d 767, 769 (N.D. Ill. 2007).

**B. The Accused Designs Are Not Substantially the Same as the Patented Design**

Even assuming *arguendo* validity, infringement fails under the ordinary observer test. The accused wagons (as sold on Temu) differ in overall visual impression from the '210 Patent

figures. An ordinary observer familiar with prior art (e.g., longstanding collapsible wagons like Radio Flyer or Mac Sports designs) would not be deceived into believing they are the same. S*ee Egyptian Goddess,* 543 F.3d at 678. Side-by-side comparison reveals dissimilar ornamental appearances. *See* below Figure 1.



**Figure 1: Comparison of Defendants'`396 Patent (left) and Plaintiff's `210 Patent (right)**

Apart from functional parts, there are significant difference in ornamental design:

1. Overall, `396 Patent has a big box (usually made with canvas), with the front portion some decoration attaching to the latching/securing accessories;

2. The front side of the canvas box contains two pockets for holding water bottles/other mobile devices (see also Figure 2 below for Defendants' actual product image), serving both for functional and decoration;

3. To cover the folding joint in the middle (where the black arrow points to), `396 Patent adds a triangle design unique that `210 Patent does not have.



**Figure 2: Defendants' Product Image**

### C. Functional Design Not Protectable

Design patents protect only "new, original and ornamental" designs for articles of manufacture. 35 U.S.C. § 171. A design is unpatentable if primarily functional—i.e., if its appearance is dictated by utilitarian concerns rather than ornamentation. *See Sport Dimension, Inc. v. Coleman Co.*, 820 F.3d 1316, 1320 (Fed. Cir. 2016); *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1123 (Fed. Cir. 1993) ("[I]f a particular design is essential to the use of the article, it cannot be the subject of a design patent.").

Plaintiff's '210 Patent claims a standard collapsible wagon with telescoping handle, folding X-frame, and all-terrain wheels, all of which are driven by function (portability, load-bearing, stability, ease of collapse). Alternative designs exist that achieve the same utility without copying the specific appearance, but the overall shape and configuration are largely dictated by function (e.g., collapsible frame geometry for folding, wheel placement for balance, handle for pulling). Courts distinguish *de facto* functionality (inherent in the article) from *de jure* functionality (where the design itself is essential to utility). *See Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1328 (Fed. Cir. 2015)("Design patents on such primarily functional rather than ornamental designs are invalid. *PHG Techs.*, 469 F.3d at 1366; *see also Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 148, 109 S.Ct. 971, 103 L.Ed.2d 118 (1989)."). Here, the `210 Patent design is primarily functional, thus, protecting it would monopolize basic utility wagon configurations long in the public domain.

Functional elements receive no weight in the ordinary observer analysis. *See OddzOn Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997). "Where a design contains both functional and non-functional elements, the scope of the claim must be construed in order to identify the non-functional aspects of the design as shown in the patent." *Id.*, citing *Lee, 838 F.2d at 1188, 5 USPQ2d at 1627*. With functional aspects discounted, any remaining ornamental scope is minimal.

Since Defendants have different ornamental design, no infringement occurred. *See supra* for comparison.

### IV. OTHER FACTORS DO NOT FAVOR RELIEF

Plaintiff has not carried its burden on the remaining preliminary injunction factors. Critically, post-*eBay*, there is no presumption of irreparable harm in patent cases—even for

design patents—upon a showing of infringement or validity. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 393 (2006). The Third Circuit has followed this mandate, rejecting presumptions of irreparable harm in analogous intellectual property contexts and requiring a clear showing of likely irreparable harm. *See Ferring Pharm., Inc. v. Watson Pharm., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (holding that a party seeking preliminary injunctive relief under the Lanham Act is not entitled to a presumption of irreparable harm and "must demonstrate that irreparable harm is likely"). Without specific evidence tying any harm to irreparable injury that money damages cannot remedy. Such bare allegations are insufficient.

Money damages are adequate here, as the accused products are mass-market consumer goods sold online via Temu, with sales traceable and compensable through royalties or lost profits calculations. Plaintiff has not shown ongoing, unquantifiable harm to reputation, market exclusivity, or other non-compensable injury. The balance of hardships disfavors freezing assets of foreign small sellers based on a weak validity and infringement case, especially where Defendants have priority via prior public disclosure. The public interest favors competition in functional, everyday utility products like collapsible wagons, not monopolization of common designs via doubtful patents.

## CONCLUSION AND REQUEST FOR RELIEF

The Court should deny Plaintiff's Motion in its entirety. In the alternative, if any relief issues *ex parte*, Defendants request an immediate hearing to dissolve it. Moving Defendants reserve all rights to seek Rule 11 sanctions, fees under 35 U.S.C. § 285, or other remedies. In addition, Moving Defendants will submit a declaration in supporting this response.

/s/ Jianyin Liu
Jianyin Liu, Esq.

        (Pro Hac Vice)
        Florida Bar No. 1007675
        THE LAW OFFICES OF JAMES LIU, PLLC
        15750 SW 92nd Avenue, Unit 20C
        Palmetto Bay, FL 33157
        Telephone: (305) 209-6188
        Email: jamesliulaw@gmail.com

        Counsel for Moving Defendants

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 19, 2026, a true and correct copy of the foregoing was served via CM/ECF on all counsel of record.

        By: /s/ Jianyin Liu