IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHENXI ZENG,

Plaintiff,

v.

SCHEDULE A DEFENDANTS,

Defendants.

_____/

Civil Case No. 2:26-cv-00142-WSS
Judge William S. Stickman

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
**(PURSUANT TO FED. R. CIV. P. 12(b)(2), 12(b)(6), AND 21; AND 35 U.S.C. § 299)**

Moving Defendants identified on Schedule A (specifically Brandon Super Sports (634418216237544), Brandon Super Family (634418216236822), Molotar Shop (634418216108433), and HaoMart (634418222207425), collectively "Moving Defendants"), by and through undersigned counsel, move this Court pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(6), and 21, and 35 U.S.C. § 299, to dismiss the Complaint [DE 1] for lack of personal jurisdiction, failure to state a claim upon which relief can be granted, and improper joinder. In support thereof, Moving Defendants state as follows:

**I. INTRODUCTION**

This is a design patent infringement action under U.S. Design Patent No. USD1,078,210 S1 ("the '210 Patent") alleging that dozens of unrelated foreign online sellers on Temu infringe by offering collapsible wagons. The Complaint fails to satisfy pleading standards and jurisdictional requirements. Moving Defendants are unrelated foreign entities with no meaningful contacts with Pennsylvania. The Complaint does not plausibly allege infringement

against them specifically, and joinder of unrelated defendants violates 35 U.S.C. § 299 and Fed. R. Civ. P. 20/21.

## II. THE COMPLAINT FAILS TO STATE A CLAIM (RULE 12(b)(6))

To survive a Rule 12(b)(6) motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Design patent infringement requires showing that an ordinary observer, familiar with prior art, would be deceived into believing the accused design is substantially the same as the patented design. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008) (en banc).

The Complaint generically alleges infringement by "Schedule A Defendants" without identifying any specific accused product(s) sold by Moving Defendants, attaching photographs or descriptions of their accused items, or explaining how their designs allegedly infringe the '210 Patent figures. Merely listing shop aliases and links in Schedule A, without product-specific allegations, is insufficient. See, e.g., cases requiring identification "by photograph or name" rather than broad assertions (citing Federal Circuit precedent and recent Schedule A dismissals in NDIL and elsewhere). The Complaint's boilerplate claims fail *Iqbal/Twombly* plausibility and do not provide fair notice of the claims against Moving Defendants.

## III. IMPROPER JOINDER UNDER 35 U.S.C. § 299 AND RULE 21

35 U.S.C. § 299 (enacted by the America Invents Act) strictly limits joinder in patent cases: accused infringers may be joined only if (1) relief is sought jointly, severally, or in the alternative arising from the same transaction/occurrence/series relating to the making, using, importing, offering for sale, or selling of the same accused product or process, and (2) questions

of fact common to all defendants will arise. Joinder is prohibited "based solely on allegations that they each have infringed the patent or patents in suit." 35 U.S.C. § 299(a).

The Complaint joins dozens of unrelated foreign Temu sellers without alleging any concerted action, shared transaction, or identical accused products/processes. Moving Defendants sell independently, with no relationship or common scheme. Mere allegations of infringing the same patent via similar (but not identical) wagons do not satisfy § 299's "same accused product" requirement or Rule 20(a)(2)'s same transaction/occurrence prong. Courts have rejected such mass joinder in analogous Schedule A design patent cases. See, e.g., decisions finding misjoinder where defendants sell different products without shared operative facts.

Misjoinder is not grounds for outright dismissal of the action under Rule 21, but the Court may sever claims, drop parties, or dismiss without prejudice as to misjoined defendants. Moving Defendants request severance of claims against them and dismissal of those claims for improper joinder.

### IV. LACK OF PERSONAL JURISDICTION (RULE 12(b)(2))

This Court lacks personal jurisdiction over Moving Defendants, who are foreign entities based in China with no contacts with Pennsylvania. Specific jurisdiction requires minimum contacts with the forum such that suit does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985).

The Complaint contains no allegations of sales into Pennsylvania, targeting of Pennsylvania residents, or purposeful availment of the Pennsylvania market. General allegations of nationwide online sales do not suffice under Third Circuit law, which requires deliberate

targeting of the forum rather than mere national exploitation. See, e.g., Third Circuit precedent rejecting jurisdiction over foreign sellers absent evidence of forum-specific conduct (e.g., no trap purchases, no Pennsylvania-directed marketing). Pennsylvania's long-arm statute (42 Pa. Cons. Stat. § 5322) and due process do not reach these defendants.

No general jurisdiction exists, as Moving Defendants lack continuous and systematic contacts with Pennsylvania. Dismissal under Rule 12(b)(2) is warranted.

## V. PLAINTIFF FAILED TO STATE A CLAIM BY FACTORING OUT FUNCTIONAL DESIGN

Design patents protect only "new, original and ornamental" designs for articles of manufacture. 35 U.S.C. § 171. A design is unpatentable if primarily functional—i.e., if its appearance is dictated by utilitarian concerns rather than ornamentation. *See Sport Dimension, Inc. v. Coleman Co.*, 820 F.3d 1316, 1320 (Fed. Cir. 2016); *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1123 (Fed. Cir. 1993) ("[I]f a particular design is essential to the use of the article, it cannot be the subject of a design patent.").

Plaintiff's '210 Patent claims a standard collapsible wagon with telescoping handle, folding X-frame, and all-terrain wheels, all of which are driven by function (portability, load-bearing, stability, ease of collapse). Alternative designs exist that achieve the same utility without copying the specific appearance, but the overall shape and configuration are largely dictated by function (e.g., collapsible frame geometry for folding, wheel placement for balance, handle for pulling). Courts distinguish *de facto* functionality (inherent in the article) from *de jure* functionality (where the design itself is essential to utility). *See Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1328 (Fed. Cir. 2015)("Design patents on such primarily functional rather than ornamental designs are invalid. *PHG Techs.*, 469 F.3d at 1366; *see also*

*Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 148, 109 S.Ct. 971, 103 L.Ed.2d 118 (1989)."). Here, the `210 Patent design is primarily functional, thus, protecting it would monopolize basic utility wagon configurations long in the public domain.

Functional elements receive no weight in the ordinary observer analysis. *See OddzOn Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997). "Where a design contains both functional and non-functional elements, the scope of the claim must be construed in order to identify the non-functional aspects of the design as shown in the patent." *Id*., citing Lee, 838 F.2d at 1188, 5 USPQ2d at 1627. With functional aspects discounted, Plaintiff must factor out the functional design and provide sufficient notice to Defendant which ornamental features were infringed.

Meanwhile, Plaintiff failed to point out which features of Defendants' products infringed his/her ornamental features of `210 Patent.

## VI. REQUEST FOR RELIEF

WHEREFORE, Moving Defendants respectfully request that the Court:

1. Dismiss the Complaint against them pursuant to Rule 12(b)(6) for failure to state a claim;

2. Dismiss for lack of personal jurisdiction under Rule 12(b)(2);

3. In the alternative, sever the claims against Moving Defendants under Rule 21 and 35 U.S.C. § 299 due to misjoinder;

4. Grant such other and further relief as the Court deems just and proper, including costs and fees if appropriate.

Dated: February 20, 2026

Respectfully submitted,

/s/ Jianyin Liu
Jianyin Liu, Esq.
(Pro Hac Vice)
Florida Bar No. 1007675
THE LAW OFFICES OF JAMES LIU, PLLC
15750 SW 92nd Avenue, Unit 20C
Palmetto Bay, FL 33157
Telephone: (305) 209-6188
Email: jamesliulaw@gmail.com

Counsel for Moving Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2026, a true and correct copy of the foregoing was served via CM/ECF on all counsel of record.

By: /s/ Jianyin Liu