IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHENXI ZENG,

Plaintiff,

v.

SCHEDULE A DEFENDANTS,

Defendants.

Civil Case No. 2:26-cv-00142-WSS

Judge William S. Stickman

_____/

**DECLARATION IN SUPPORT OF MOVING DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, ASSET RESTRAINT, EXPEDITED DISCOVERY, AND ORDER TO SHOW CAUSE**

I, Jinchun Huang, declare as follows:

1. I am over the age of 18 and am competent to make this declaration. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would testify competently thereto. I am the founder, owner, and legal representative (法人) of Hangzhouzikedianzishangwu Co., Ltd. ("Hangzhouzike"), the company that operates the Temu shops identified as Moving Defendants in this action: Brandon Super Sports (shop ID 634418216237544), Brandon Super Family (shop ID 634418216236822), Molotar Shop (shop ID 634418216108433), and HaoMart (shop ID 634418222207425) (collectively, the "Shops").

2. I am also the named inventor of U.S. Design Patent No. USD1,104,396 S ("the '396 Patent"), titled "Foldable Wagon," which issued on December 2, 2025, from U.S. Design Application No. 29/989,036 filed on February 10, 2025.

3. The products sold through the Shops are collapsible/foldable utility wagons (also referred to as camping carts or portable grocery wagons) featuring a telescoping handle, folding X-frame chassis, fabric bin, all-terrain wheels, side pockets, and related structural elements.

4. The collapsible wagon product now sold through the Shops was first publicly disclosed and offered for sale on the Temu platform on August 22, 2024. This initial listing was under the goods ID 601099645912472, accessible via the URL https://www.temu.com/goods.html?goods_id=601099645912472 (the "August 2024 Listing"). Although that specific listing has since been removed or delisted from public view on Temu, it was operated by Hangzhouzike and bore the same company name and backend information as the current accused listings.

5. The August 2024 Listing publicly disclosed the design and offered the collapsible wagon for sale to the public, including images, descriptions, pricing, and purchase options. Sales activity occurred shortly thereafter, including at least one confirmed order record dated September 28, 2024, related to the same or substantially similar product configuration.

6. I personally designed and invented the collapsible wagon product that was the subject of the August 2024 Listing. The design features, including the overall appearance shown in the product images and specifications on Temu as of August 22, 2024, originated with me and were not derived from Plaintiff Chenxi Zeng or any design claimed in U.S. Design Patent No. USD1,078,210 S1 ("the '210 Patent").

7. In connection with the prosecution of the '396 Patent before the United States Patent and Trademark Office ("USPTO"), a rejection was issued under 35 U.S.C. § 103 based on prior art, including a third-party reference (PASAMIC collapsible wagon as reflected in certain Amazon listings). To overcome that rejection, I submitted a Declaration under 37 C.F.R. § 1.130(b)

attesting that the subject matter of my design was publicly disclosed by me (through Hangzhouzike) on August 22, 2024, prior to the effective filing date of certain intervening references. That declaration included supporting evidence of the August 2024 Listing and related authorization documents. The USPTO accepted the declaration and evidence, withdrew the obviousness rejection, and allowed the '396 Patent to issue.

8. The design of the products currently sold through the Shops is substantially the same as that publicly disclosed in the August 2024 Listing. Any differences from the patented design claimed in the '210 Patent (filed December 13, 2024) are attributable to functional necessities (e.g., frame geometry for folding, wheel placement for stability and load-bearing, handle shape for ergonomic pulling) rather than ornamental choices. The accused products differ in visual details such as handle curvature, cross-brace proportions, wheel hub ornamentation, and fabric attachment patterns when compared to the figures of the '210 Patent.

9. Hangzhouzike and the Shops have not copied the '210 Patent design. The collapsible wagon configuration is a common, functional design long present in the marketplace (e.g., similar to products from brands like Radio Flyer, Mac Sports, and others), with variations driven by utility rather than aesthetics.

10. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 19, 2026, in China.

JINCHUN HUANG
---
Jinchun Huang